IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVEYFILM, INC. f/k/a DON LEVEY STUDIO, INC., ) ) ) | |
| Plaintiff, ) ) | No. 13-CV-04664 |
| vs. ) ) | Dist. Judge Thomas Durkin |
| FOX SPORTS INTERACTIVE MEDIA, LLC, a Delaware limited liability company, and FOX SPORTS NET CHICAGO HOLDINGS, LLC, a Delaware limited liability company, collectively d/b/a THEJERSEYCHASER.COM; CHICAGO TRIBUNE COMPANY, LLC, a Delaware limited liability company, and TRIBUNE INTERACTIVE, LLC, a Delaware limited liability company, collectively d/b/a CHICAGOTRIBUNE.COM; and, DOE I through DOE III, ) ) ) ) ) ) ) ) ) ) ) | Mag. Judge Arlander Keys |
| Defendants. ) ) | |

## DEFENDANTS CHICAGO TRIBUNE COMPANY, LLC AND TRIBUNE INTERACTIVE, LLC'S RULE 12(b)(6) MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

Defendants Chicago Tribune Company, LLC ("Chicago Tribune") and Tribune Interactive, LLC ("Tribune Interactive" and, together with Chicago Tribune, the "Tribune Defendants"), by their undersigned counsel, hereby move this Honorable Court to dismiss Count III of Plaintiff Leveyfilm, Inc., f/k/a Don Levey Studio, Inc.'s ("Plaintiff") Complaint for Injunctive and Other Relief (the "Complaint").[1]

---

[1] Defendants are not moving to dismiss Count II of the Complaint, which alleges copyright infringement. Given Defendants' Motion to Dismiss Count III, however, Defendants are not required to answer Count II at this time. See, e.g., Oil Express Nat'l, Inc. v. D'Alessandro, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts considering this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); see also Shah v. KIK Int'l LLC, No. 3:06-CV-712, 2007 WL 1876449 at *1 (N.D. Ind. June 26, 2007) (citing Oil Express and 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2004)); Vendetti v. Compass Envtl., Inc., No. 06-cv-3556, 2006 U.S. Dist. LEXIS 77609 at *9-10 (N.D. Ill. October 25, 2006) ("[c]ourts in the Northern District of Illinois have adopted the 'majority interpretation'

1. Plaintiff brings two claims against the Tribune Defendants arising out of their alleged use of a single Chicago Bears photograph (the "Photograph") in which Plaintiff claims to own rights: (1) copyright infringement and (2) violation of Section 1202 of the Digital Millennium Copyright Act (the "DMCA"). Plaintiff's Section 1202 claim is baseless and wholly conclusory and, as such Count III does not satisfy the minimum pleading standard of Rule 8 and Bell Atl. Corp. v. Twombly, 55 U.S. 544, 555, 570 (2007). Thus, and as explained more fully in the accompanying Memorandum of Law, Count III should be dismissed, with prejudice.

2. A violation of Section 1202 of the DMCA does not follow from every alleged instance of copyright infringement, because Section 1202 does not protect copyright, but only protects the "[i]ntegrity of copyright management information" ("CMI") that a copyright owner has "conveyed in connection" with his or her copyrighted work. Plaintiff alleges that the Tribune Defendants are liable pursuant to Section 1202 because they: (1) "intentionally remove[d] or alter[ed]" CMI; (2) distributed CMI "knowing that the [CMI] ha[d] been removed or altered without authority of the copyright owner;" and (3) knowingly provided or distributed CMI "that is false" with the "intent to induce, enable, facilitate, or conceal infringement."

3. Plaintiff's DMCA claim fails because Plaintiff does not allege a single fact that could support a CMI-related claim under Section 1202. To the contrary, Plaintiff's allegations demonstrate that no CMI claim can possibly stand: although Plaintiff alleges that the Photograph he claims to own had previously appeared on the cover of the "Super Bowl Shuffle" record album, Plaintiff's own Exhibit A to the Complaint demonstrates that the Photograph appeared on the album **without any CMI**. The back of the record (not the front where the Photograph appears) simply indicates the following: "Photography: Don Levy, Don Levy

---

of Fed. R. Civ. P. 12(a) regarding the timing of a defendant's answer to unchallenged counts, where it has filed a motion to dismiss other counts."). Counts I and IV are not asserted against the Tribune Defendants.

Studio."  But that notation is not CMI, both because it says nothing about ownership of the copyright in the Photograph and because it is provided on and for the "Super Bowl Shuffle" album – not the Photograph.  In fact, the only CMI included with the album states "Published by: Red Label Music Publishing, Inc., BMI © 1985" and "1985 Red Label Records, Inc.  All Rights Reserved."  Because neither statement relates to the Photograph, refers to Plaintiff, or suggests Plaintiff owns the Photograph, neither statement can be construed as CMI with respect to the image published by the Tribune Defendants.  These considerations alone defeat Plaintiff's claim.

       4.     Further, when Plaintiff's remaining allegations are examined, it is plain that Plaintiff does not allege any facts to support the conclusory assertion that Defendants either themselves **intentionally** altered Plaintiff's CMI or **knew** that some other party altered CMI on Plaintiff's Photograph.  Finally, the Complaint itself demonstrates that (a) the Tribune Defendants did not publish **any CMI** at all associated with Plaintiff's Photograph, and thus, there was no false CMI; and (b) Defendants had **no intent** to assist infringement in any way.

       5.     Plaintiff's Complaint is virtually indecipherable.  Nonetheless, to the extent that anything can be gleaned from it, Plaintiff's DMCA claim is merely a formulaic recitation of the statutory elements of Section 1202.  The case law is clear that more is required to satisfy Rule 8 and <u>Twombly</u>, 55 U.S. at 555, 570, especially given that Plaintiff's rote recitations are contradicted by the few factual allegations and exhibits that Plaintiff does provide.  Thus, and as Defendants explain more fully in their accompanying Memorandum of Law, Count III of Plaintiff's Complaint should be dismissed with prejudice.

       WHEREFORE, and for the reasons set forth in Defendants' accompanying Memorandum of Law, Defendants Chicago Tribune Company, LLC and Tribune Interactive, LLC seek the entry of an order dismissing Count III of Plaintiff's Complaint, with prejudice,

pursuant to Rule 12(b)(6) for failure to state a claim, and granting such other and further relief as the Court deems just.

                                                              Respectfully Submitted:

                                                              CHICAGO TRIBUNE COMPANY, LLC and
                                                              TRIBUNE INTERACTIVE, LLC

                                                              By  /s/  Stephanie J. Harris
                                                                    One of Their Attorneys

A. Colin Wexler
Stephanie J. Harris
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois  60603
(312) 201-4000