IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEVEYFILM, INC. f/k/a DON LEVEY STUDIO, INC., ) ) ) | |
| Plaintiff, ) | No. 13-CV-04664 |
| ) | |
| vs. ) | Dist. Judge Thomas Durkin |
| ) | |
| FOX SPORTS INTERACTIVE MEDIA, ) LLC, a Delaware limited liability company, ) and FOX SPORTS NET CHICAGO ) HOLDINGS, LLC, a Delaware limited ) liability company, collectively d/b/a ) THEJERSEYCHASER.COM; CHICAGO ) TRIBUNE COMPANY, LLC, a Delaware ) limited liability company, and TRIBUNE ) INTERACTIVE, LLC, a Delaware limited ) liability company, collectively d/b/a ) CHICAGOTRIBUNE.COM; and, DOE I ) through DOE III, ) ) | Mag. Judge Arlander Keys |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHICAGO
TRIBUNE COMPANY, LLC AND TRIBUNE INTERACTIVE, LLC'S
RULE 12(b)(6) MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT**

Defendants Chicago Tribune Company, LLC ("Chicago Tribune") and Tribune Interactive, LLC ("Tribune Interactive" and, together with Chicago Tribune, the "Tribune Defendants"), by their undersigned counsel, submit the following Memorandum of Law in Support of their Rule 12(b)(6) Motion to Dismiss Count III of Plaintiff Leveyfilm, Inc., f/k/a Don Levey Studio, Inc.'s ("Plaintiff") Complaint for Injunctive and Other Relief (the "Complaint").

**I.      Introduction**

In this case, Plaintiff brings two claims against the Tribune Defendants alleging that the Tribune Defendants' use of a single Chicago Bears photograph (the "Photograph")

constitutes: (1) copyright infringement and (2) violation of Section 1202 of the Digital Millennium Copyright Act (the "DMCA"). In the Motion, the Tribune Defendants challenge only Plaintiff's Section 1202 claim.[1]

Section 1202 of the DMCA is not a redundant cause of action that necessarily follows from every alleged instance of copyright infringement. Rather, as its title makes clear, Section 1202 protects only the "[i]ntegrity of copyright management information" ("CMI") that a copyright owner has "conveyed in connection" with his or her copyrighted work.

Plaintiff alleges that the Tribune Defendants are liable pursuant to Section 1202 because they: (1) "intentionally remove[d] or alter[ed]" CMI; (2) distributed CMI "knowing that the [CMI] ha[d] been removed or altered without authority of the copyright owner;" and (3) knowingly provided or distributed CMI "that is false" with the "intent to induce, enable, facilitate, or conceal infringement."

Plaintiff does not allege a single fact in its Complaint that supports or could support a CMI-related claim under Section 1202. Indeed, although Plaintiff alleges that the Photograph he claims to own had previously appeared on the cover of the "Super Bowl Shuffle" record album, Plaintiff's own Exhibit A to the Complaint demonstrates that the Photograph appeared on the album **without any CMI**. The back cover of the record (not the front cover where the Photograph appears) simply indicates the following: "Photography: Don Levy, Don Levy Studio." But that notation is not CMI, both because it says nothing about copyright in the

---

[1] Defendants are not moving to dismiss Count II of the Complaint, which alleges copyright infringement. Given Defendants' Motion to Dismiss Count III, however, Defendants are not required to answer Count II at this time. See, e.g., Oil Express Nat'l, Inc. v. D'Alessandro, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts considering this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); see also Shah v. KIK Int'l LLC, No. 3:06-CV-712, 2007 WL 1876449 at *1 (N.D. Ind. June 26, 2007) (citing Oil Express and 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1346 (3d ed. 2004)); Vendetti v. Compass Envtl., Inc., No. 06-cv-3556, 2006 U.S. Dist. LEXIS 77609 at *9-10 (N.D. Ill. October 25, 2006) ("[c]ourts in the Northern District of Illinois have adopted the 'majority interpretation' of Fed. R. Civ. P. 12(a) regarding the timing of a defendant's answer to unchallenged counts, where it has filed a motion to dismiss other counts."). Counts I and IV are not asserted against the Tribune Defendants.

Photograph, and because it is provided on and for the *Super Bowl Shuffle* album – not the Photograph. To the contrary, the only CMI included with the album states "Published by: Red Label Music Publishing, Inc., BMI © 1985" and "1985 Red Label Records, Inc. All Rights Reserved." Because neither statement relates to the Photograph, refers to Plaintiff, or suggests that Plaintiff owns the Photograph, neither statement can be construed as CMI with respect to the image allegedly published by the Tribune Defendants. These considerations alone defeat Plaintiff's claim. In any event, Plaintiff's Complaint is devoid of any factual content that supports or could support any of the three bases for liability under Section 1202, and for that reason, Count III of Plaintiff's Complaint should be dismissed with prejudice.

**II.    Facts**

The well-pled facts in the Complaint are few, but for purposes of this Motion to Dismiss, such allegations are assumed to be true.

In 1985, producer Dick Meyer commissioned Plaintiff to photograph certain players from the 1985 Chicago Bears football team to be used in the packaging of a record that Meyer produced entitled *The Super Bowl Shuffle*. (Compl., ¶¶ 2, 10-12.) One of those photos, a group photograph, was used as cover art for the record (the "Photograph"). (Id., ¶¶ 11-12 and Exhibit A.) Plaintiff allegedly licensed the Photograph to Meyer for use on the *Super Bowl Shuffle* album and music video jackets. (Id., ¶¶ 15-20.) A copy of the *Super Bowl Shuffle* album is attached to the Complaint as Exhibit A. On the reverse-side of the album, the notation "Photography: Don Levy, Don Levy Studio" is set forth. The reverse-side of the album also states: "Published by: Red Label Music Publishing, Inc., BMI © 1985" and "1985 Red Label Records, Inc. All Rights Reserved."

Twenty years later, Plaintiff discovered that the Photograph had been improperly distributed without attribution of ownership to Plaintiff. (Id., ¶ 23.)

Plaintiff alleges that the Tribune Defendants somehow obtained the Photograph and published it as part of a news report regarding litigation over the *Super Bowl Shuffle* song and video. (Id., ¶ 24 & Ex. C, p. 2.) Plaintiff does not identify the source from which the Tribune Defendants obtained the Photograph. Although Plaintiff seems to imply that the Photograph was conveyed with CMI – a required element of Section 1202 – Plaintiff's allegations on that point are vague, confusing and, even though they relate to information solely within Plaintiff's knowledge, pled "upon information and belief." (Compl. at ¶¶ 45-54.) In short, Plaintiff unquestionably does not (and could not truthfully) allege that the Tribune Defendants either intentionally altered CMI (in violation of Section 1201(b)(1)) or knew that any other party had done so (in violation of Section 1202(b)(2)).

Plaintiff further claims, in conclusory fashion, that the Tribune Defendants published false CMI with the intent to facilitate infringement, presumably in violation of Section 1202(a). Plaintiff does not provide any factual allegations in support of this claim, but instead relies on Exhibit C to the Complaint. However, Exhibit C does not depict any CMI – a fact which dooms Plaintiff's claim under Section 1202(a).[2]

## III. Argument

### A. Pleading Standard

While a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure assumes the truth of the well-pleaded facts in the complaint (Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990)), it need not accept "statements of law or unsupported conclusory factual allegations." Yeftich v. Navistar, __ F.3d __, Case. No. 12-2964, 2013 WL

---

[2] While Plaintiff's factual allegations are assumed to be true, where those allegations conflict with exhibits attached to the pleading, it is the exhibit that controls. See Forrest v. Universal Savings Bank, F.A., 507 F.3d 540, 542 (7th Cir. 2007) ("Where an exhibit and the complaint conflict, the exhibit typically controls. A court is not bound by the party's characterization of an exhibit and may independently examine and form its own opinions about the document.").

-4-

2992163, at *2 (7th Cir. June 18, 2013) (affirming dismissal). Further, in order to survive a motion to dismiss under Rule 12(b)(6), a "complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Indep. Trust Corp. v. Steweart Info. Svcs. Corp., 665 F.3d 930, 934-35 (7th Cir. 2012) (affirming dismissal with prejudice); see also Yeftich, 2013 WL 2992163, at *2 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only if "'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Yeftich, 2013 WL 2992163, at *2 (emphasis added) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

> **B. Plaintiff's Complaint Is Based Only On Unsupported Legal Conclusions and Should Therefore Be Dismissed.**

Although its allegations are virtually indecipherable, Plaintiff's Complaint clearly attempts to plead liability under Section 1202 of the DMCA. As alleged, the Complaint suggests liability pursuant to three possible theories under Section 1202 of the DMCA: (1) the Tribune Defendants' alleged intentional removal or alteration of CMI; (2) the Tribune Defendants' alleged knowledge that CMI had been altered or removed without the copyright owner's authority; or (3) the Tribune Defendants' alleged knowing publication of false CMI. Plaintiff makes no attempt to articulate which section of 1202 the Tribune Defendants allegedly violated. But the Tribune Defendants and this Court need not fully decipher Plaintiff's allegations because, as set forth below, Plaintiff's Complaint fails as a matter of law under all three possible theories.[3]

---

[3] The Tribune Defendants note that the analog notations on the back of the album jacket could not possibly constitute CMI under any circumstances. The purpose and history of the DMCA are clear that the DMCA protects only CMI that is part of an automated copyright protection system, is digital, or connected to the internet or electronic commerce. The DMCA does not protect fully analog information. See, e.g., Brown v. Stroud, 2011 WL 2600661 (N.D. Cal. June 30, 2011) ("apart from recitation of the statutory elements, [the plaintiff] does not allege any facts linking [defendant's] conduct to the Internet, electronic commerce, or any other purpose for which the DMCA was enacted"); Textile Secrets Int'l, Inc. v. Ya-Ya Brand Inc., 524 F. Supp. 2d 1184, 1201-02 (C.D. Cal.

In pertinent part, Section 1202 provides:

(a) False Copyright Management Information. No person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement –

    (1) Provide copyright management information that is false, or

    (2) Distribute or import for distribution copyright management information that is false.

(b) Removal or Alteration of Copyright Management Information. No person shall, without the authority of the copyright owner or the law –

    (1) Intentionally remove or alter any copyright management information

    (2) Distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law ….

17 USCA § 1202. Notably, Section 1202 is not a strict liability statute, but requires specific knowledge and intent that Plaintiff simply fails to allege.

    **1. Plaintiff Fails to Allege That The Tribune Defendants Intentionally Removed or Altered CMI (Section 1202(b)(1)).**

Plaintiff's Section 1202(b)(1) claim fails under Rule 8 because Plaintiff has not alleged any factual content from which it could be concluded that the Tribune Defendants intentionally altered or removed CMI. The only allegations in the Complaint concerning this aspect of Plaintiff's claim are in Paragraphs 49 and 50, which state as follows:

> 49. That defendants, and each of them, particularly at or about December 2010, (i) had knowledge, or (ii) reasonable grounds to know, or (iii) willfully blinded themselves to the fact, that Levey intended that CMI was to be acknowledged as such, if not faithfully reproduced and conveyed, in connection with any reproduction of Levey's Work(s). At the very least, in the event they desired to alter, amend, remove or omit such CMI from being associated with Levey's

---

2007) (DMCA does not "apply to circumstances that have no relation to the internet, electronic commerce, automatic copyright protections or management systems, public registers, or other technological measures or processes as contemplated in the DMCA as a whole."). However, in this case, as set forth below, Plaintiff's DMCA claim fails in any event.

-6-

>Work(s), defendants were obligated to first negotiate and obtain permission from Levey to do so.
>
>50. Notwithstanding defendants' knowledge, however, at all times relevant, the infringing reproductions of the Work(s) in the infringing Uses, removed and/or omitted the name and trade designation "Levey," "Don Levey" or "Don Levey Studio," and/or otherwise disassociated the copyright notice, and stripped out and scrubbed away all other CMI which Levey had conveyed along with the group shot Work when first delivered.

Although difficult to parse, Plaintiff's allegations are carefully crafted to omit any reference at all to what the Tribune Defendants allegedly did. Plaintiff apparently seeks to assert liability because it believes that the Tribune Defendants (a) knew, should have known or ignored Plaintiff's desire to have the Photograph credited to it and (b) the Photograph was published in the news report without credit to Plaintiff. These allegations are completely disconnected from the legal requirements set forth in Section 1202(b)(1), which create liability only when a party "intentionally remove[s] or alter[s]" CMI.

Plaintiff's vague and indirect pleading is no accident. Plaintiff fails to allege that the Tribune Defendants removed or altered CMI because it is well-aware that the Tribune Defendants never did so. To the contrary, as Plaintiff alleges in its Complaint, Plaintiff became aware in 2005 that the Photograph was being disseminated without "attribution and credit in Levey as the creator and copyright owner of the album cover photograph." (Compl. at ¶ 23.) There can be no liability under Section 1202(b)(1) unless the Tribune Defendants intentionally altered or removed CMI. But Plaintiff did not, and cannot, allege either. Accordingly, this Court should dismiss Plaintiff's claim under Section 1202(b)(1) with prejudice.

Nor does Plaintiff identify any CMI that the Tribune Defendants could possibly have removed or altered. First, Plaintiff does not allege that the Tribune Defendants obtained the Photograph from the front cover of the album. Second, there is no CMI on or near the Photograph on the album. (Compl., Ex. A, p.1.) Notations on the back cover of the album jacket

-7-

are disconnected from the Photograph on the front cover of the album and, thus, are not protected CMI. See, e.g., Personal Keepsakes, Inc. v. Personalizationmall.com, Inc., 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012) ("general copyright notice . . . on an entirely different webpage than the work at issue . . . is not 'conveyed' with the work and no claim will lie under the DMCA."); accord Schiffer Pub., Ltd. v. Chronicle Books, LLC, 2004 WL 2583817, at * (E.D. Pa. Nov. 12, 2004) (holding that "a defendant must remove [CMI] from the 'body' of or area around, plaintiff's work" and finding that CMI on book cover did not constitute CMI on photographs in book). Third, even if the notations were not too far removed, the generic reference "Photography: Don Levy, Don Levy Studio" says nothing whatsoever about copyright or copyright ownership and, thus, is not CMI under the DMCA. See 17 USCA § 1202(c). Indeed, there is nothing on the back cover of the album that establishes that Plaintiff owned the copyright in the Photograph. Thus, Plaintiff has not identified any of its CMI that was conveyed to the Tribune Defendants with the Photograph, much less alleged that the Tribune Defendants intentionally removed or altered Plaintiff's CMI. Plaintiff's claim is merely an unsupported conclusion that is at odds with Plaintiff's own exhibit.

> **2. Plaintiff Fails to Sufficiently Allege That The Tribune Defendants Knew That CMI Had Been Altered or Removed on the Photograph (Section 1202(b)(2)).**

The touchstone of a claim under Section 1202(b)(2) is the defendant's **knowledge** that CMI has been altered or removed by another party. Accordingly, Plaintiff must allege factual content supporting its allegation that when the Tribune Defendants published the Photograph in the news report, they **knew** that someone had altered or removed CMI without Plaintiff's permission. But the Complaint is completely devoid of any factual allegations that the Tribune Defendants had such knowledge when they allegedly published the Photograph. The

only paragraph in the Complaint purportedly supplying this required factual allegation is Paragraph 52, and it is not enough to satisfy Rule 8 and Twombly:

> 52. That in addition to removing and altering CMI aforesaid, defendants and each of them distributed or imported for distribution, or otherwise publicly displayed, the altered or false CMI knowing, having reasonable grounds to know or willfully blinding themselves to the fact that it had been altered and/or removed and/or omitted without the authority of the copyright owner, Levey, or the law. Further, the defendants, and each of them distributed or imported for distribution, or otherwise publicly displayed, copies of the infringed Work(s) knowing, having reasonable grounds to know or willfully blinding themselves to the fact that CMI had been removed, altered or omitted without the authority of the copyright owner, Levey, or the law, or otherwise having aided and abetted such conduct.

As an initial matter, just as with Plaintiff's claim under Section 1202(b)(1), Plaintiff's claim that CMI had been altered or removed is entirely counter-factual. Exhibit A of the Complaint proves that CMI identifying the Plaintiff was not on or associated with the Photograph. Moreover, Plaintiff's admission in the Complaint that others were distributing the Photograph without attribution to Plaintiff further clarifies that there never was any CMI on the Photograph in the first place. (See Compl., ¶ 23.) But even if there had been, Plaintiff's allegations are still insufficient.

First, "reasonable grounds to know" and "willful blindness" have absolutely no relevance here. The DMCA requires **actual** knowledge. Second, Plaintiff's allegations as to the Tribune Defendants' so-called knowledge are simply unsupported conclusions. In short, Plaintiff's claim under Section 1202(b)(2) is merely a formulaic recitation of the statute, which is wholly insufficient. See Twombly, 550 U.S. at 555.

### a. The DMCA Requires Actual Knowledge.

Plaintiff's allegations as to "reasonable grounds" and "willful blindness" completely miss the mark. By its terms, Section 1202(b)(2) expressly requires knowledge that CMI had been removed, and the case law is clear that constructive knowledge is not enough.

Actual knowledge is required. Keogh v. Big Lots Corp. is on all fours and sets out a detailed analysis. 2006 WL 1129375, at *2 (M.D. Tenn. April 27, 2006) (affirming dismissal). There, the defendant allegedly sold birdhouses that were virtually indistinguishable from the plaintiff's design. Id. at *1. The plaintiff alleged that because the birdhouses were made in China, where infringing products are frequently made, the defendant should have known they included removed or altered CMI. Id. at *2 n.3. The court found that these allegations were insufficient:

> Plaintiff does not allege anywhere in his complaint that [defendant] had actual knowledge "that CMI has been removed or altered without authority of the copyright owner or the law . . . . " . . . . Plaintiff instead argues that [defendant] had constructive knowledge, and that such constructive knowledge satisfies the requirement for knowledge in 1203(b)(3). First, Plaintiff cites no cases to support his proposition, and the Court was unable to find any. Second, Plaintiff mistakenly conflates the two knowledge standards . . . The statute requires that Defendant have knowledge that CMI was removed or altered without the permission of the copyright owner . . . . The plain language of the statute, as confirmed by the Sixth Circuit in Gordon makes clear that constructive knowledge is not enough, there must be actual knowledge.[4]

Id. at *2 (emphasis in original; internal citation omitted); see also Gordon v. Nextel Comm'ns and Mullen Advertising, Inc., 345 F.3d 922, 927 (6th Cir. 2003) (holding that the plaintiff must prove that defendant possessed actual knowledge of the unauthorized change to copyright management information"); William Wade Waller Co. v. Nexstar Broadcasting, Inc., 2011 WL 2648584 (E.D.Ark. July 6, 2011) (holding that the DMCA has an "intent requirement" and granting summary judgment for defendant). These cases are clear that Plaintiff must allege that the Tribune Defendants had actual knowledge to state a claim under the DMCA. "Reasonable grounds" and "willful blindness" are not enough.

---

[4] Although the Big Lots court analyzed the plaintiff's claim under Section 1202(b)(3), the knowledge requirement under Section 1202(b)(2) is identical.

### b. Plaintiff's Allegations as to Knowledge of Alteration of CMI Do Not Satisfy Rule 8.

Further, Plaintiff's allegation that the Tribune Defendants had actual "knowledge" that CMI had been altered or removed is entirely conclusory, nothing more than a recitation of the statutory elements of Section 1202, and unsupported by any factual content. Case law is clear that such allegations, standing alone, do not satisfy Rule 8's pleading requirements.

While knowledge or intent may be pled generally, "the pleadings must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind.'" Triteq Lock & Sec. LLC v. HCM Holdings LLC, 2011 WL 2648592, at *4 (granting motion to dismiss in part); see also Yeftich, 2013 WL 2992163, at *4 ("plaintiffs offer nothing to support their claim of bad faith apart from conclusory labels . . . . They supply no factual detail to support these conclusory allegations."). Plaintiff's claim under Section 1202(b)(2) of the DMCA does not come close to doing so. There is simply no factual allegation that even suggests that CMI had been altered or removed by any party, much less that the Tribune Defendants **knew** such conduct had occurred.

Further, to the extent that Plaintiff suggests that because it generally conveyed CMI with its "Work(s)," the Photograph "must have" included CMI when conveyed to the Tribune Defendants, and that the Tribune Defendants "must have" known CMI was altered or removed, such an argument holds no water. First, it is contrary to Plaintiff's own Exhibit C, which shows that the Photograph appeared on the *Super Bowl Shuffle* album **without CMI**. Further, Plaintiff's speculation requires numerous inferential leaps and cannot form the basis for a claim under Section 1202(b)(2). The court in Big Lots held that virtually identical allegations – *i.e.*, the defendant "should have presumed" that CMI was removed or altered – were not sufficient:

-11-

> The conduct of [defendant] in importing and selling these allegedly infringing birdhouses from China does not constitute a violation of 17 U.S.C.A. 1202(b)(3) because Plaintiff does not allege any facts to support the conclusion that [defendant] had any actual knowledge of the removal of CMI without Plaintiff's knowledge. As a result, even under the most favorable reading, Plaintiff's complaint fails to support a claim for Defendant's violation of 1202(b)(3).

Id. at *2; see also Gordon, 354 F.3d at 927 (rejecting plaintiff's argument that CMI "must have" been removed); Waller, 2011 WL 2648584, at *4-5 (rejecting plaintiff's argument that one of two defendants "must have removed" CMI). Indeed, other courts have awarded defendants their attorneys' fees after dismissing DMCA claims with similarly woeful factual support:

> First, Plaintiff recited no facts whatsoever to support its allegation that Defendants Olsen and BCG removed copyright information from Plaintiff's plans in an attempt to pass off the plans as their own . . . . Instead, Plaintiff's DMCA claims appear to have rested solely on its contention that the only plausible explanation for the fact that the two sets of plans in question were, according to Plaintiff, substantially similar, was that Defendants used Plaintiff's plans and removed the copyright information. . . . .
>
> . . . . As Plaintiff had no evidence that Defendants Olsen and BCG had removed copyright information from the Copyrighted Plans, Plaintiff's DMCA claim was frivolous and should not have been brought . . . .

Charles W. Ross Builder, Inc. v. Olsen Fine Home Building, LLC, et al., 2012 WL 48027 at *2 (E.D. Va. 20120) (granting defendants' attorneys' fees). These cases are clear that a DMCA claim under Section 1202(b)(2) must be more than a mere shot in the dark, and that is all the Plaintiff alleges in his Complaint.

In sum, Plaintiff does not allege a single fact supporting its conclusory allegation that the Tribune Defendants knew that CMI was altered or removed from the Photograph. The only allegations that relate to the Tribune Defendants' knowledge are merely formulaic recitations of Section 1202, which is exactly what Rule 8 prohibits. See Twombly, 550 U.S. 544 at 555 ("a formulaic recitation of the elements of a cause of action will not do"). Thus, just as in Big Lots, Plaintiff's DMCA claim should be dismissed.

### 3. Plaintiff Fails To Allege That The Tribune Defendants Knowingly Provided False CMI With The Intent To Enable Infringement (Section 1202(a)).

Finally, Plaintiff also fails to state a claim for violation of Section 1202(a) because it fails to identify any false CMI that the Tribune Defendants provided or distributed. Again, Plaintiff's few allegations are insufficient:

> 51. As a substitute, Fox Sports and Tribune each respectively, removed, altered, omitted and/or otherwise provided false CMI by claiming copyright and source in Fox Sports and/or Tribune respectively, attributing authorship in the name of defendant(s) as "FoxSports.com," "TheJerseyChaser.com" or "Tribune file photo," and otherwise deliberately omitted and/or removed Levey's name, trade name and other CMI entirely from being disseminated, conveyed or otherwise connected with the Work(s), and in particular the Infringing Uses, via defendants' infringing website(s) and otherwise. See Exhibits "B" and "C" hereto.
>
> 52. That in addition to removing and altering CMI aforesaid, defendants and each of them distributed or imported for distribution, or otherwise publicly displayed, the altered or false CMI knowing, having reasonable grounds to know or willfully blinding themselves to the fact that it had been altered and/or removed and/or omitted without the authority of the copyright owner, Levey, or the law. Further, the defendants, and each of them distributed or imported for distribution, or otherwise publicly displayed, copies of the infringed Work(s) knowing, having reasonable grounds to know or willfully blinding themselves to the fact that CMI had been removed, altered or omitted without the authority of the copyright owner, Levey, or the law, or otherwise having aided and abetted such conduct.
>
> 53. That at all times relevant, defendants and each of them, in doing the acts and things complained of herein, intended, knew, had reasonable grounds to know or otherwise willfully blinded themselves to the fact that the effect of their acts would be to induce, enable, facilitate or conceal an infringement and violation of Levey's copyright attribution, integrity and ownership rights under Title 17 U.S.C. § 1202(a) (providing and distributing false CMI) and § 1202(b) (removal and/or alteration of CMI) (Chapter 12), and otherwise against unauthorized copying, dissemination and display of his Works, *inter alia*, under Title 17 U.S.C. § 501 (Chapter 5), or otherwise having aided and abetted such conduct.

Plaintiff makes no other allegations, and these three paragraphs are not enough under Section 1202(a).

First, for the exact same reasons set forth above, Plaintiff does not allege a single fact that goes to the Tribune Defendants' **actual knowledge** that any CMI was allegedly false or

that the Tribune Defendants had the requisite **intent** to enable infringement. Both are required elements of a Section 1202(a) claim, and accordingly, Plaintiff's allegations of "reasonable grounds to know" and "willful blindness" are insufficient. Further, Plaintiff's naked allegations of knowledge and intent are insufficient as a matter of law. See Triteq Lock & Sec., 2011 WL 2648592, at *4 ("the pleadings must 'allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind'"); Yeftich, 2013 WL 2992163, at *4 ("plaintiffs offer nothing to support their claim of bad faith apart from conclusory labels [with] no factual detail to support these conclusory allegations").

Second, the purportedly "false CMI" identified by Plaintiff is simply not CMI. Plaintiff claims that the Tribune Defendants "attribut[ed] authorship in the photography in the name of defendants as . . . 'Tribune file photo.'" (Compl., ¶ 51.) But the generic notation "'Tribune file photo'" is, on its face, not within the categories of CMI specified in Section 1202: *i.e.*, the title of a work, an author's name, the copyright owner, a performer whose performance is fixed in a work, terms and conditions of use, identifying numbers or symbols referring to the foregoing information, or other information prescribed by the Register of Copyrights. It says nothing about copyright ownership. Rather, it merely indicates where the photos were located. Thus, as a matter of law the Tribune Defendants' reference to "file photos" is not CMI. Nor is it "false": the Photograph **is indeed** located in the Tribune Defendants' files. Accordingly, Plaintiff's DMCA claim must be dismissed for this additional reason.

### IV. Conclusion

A DMCA claim does not automatically follow from each act of alleged infringement. Rather, the DMCA only protects copyright management information, and here Plaintiff's allegations fail to set forth any factual content that could support a conclusion that (a) the Tribune Defendants intentionally altered CMI, (b) the Tribune Defendants knew that

-14-

someone else altered CMI, or (c) the Tribune Defendants published false CMI. Plaintiff's attempt to merely recite the statutory formula of a Section 1202 claim is insufficient, especially given that Plaintiff's rote recitations are contradicted by the few specific factual allegations and exhibits that Plaintiff actually does provide. Accordingly, Count III of the Complaint fails and should be dismissed with prejudice.

        Respectfully Submitted:

        CHICAGO TRIBUNE COMPANY, LLC and
        TRIBUNE INTERACTIVE, LLC


        By  /s/ Stephanie J. Harris
            One of Their Attorneys

A. Colin Wexler
Stephanie J. Harris
GOLDBERG KOHN LTD.
55 East Monroe Street
Suite 3300
Chicago, Illinois 60603
(312) 201-4000