# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| LEVEYFILM, INC., F/K/A DON LEVEY STUDIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOX SPORTS INTERACTIVE MEDIA, LLC, FOX SPORTS NET CHICAGO HOLDINGS, LLC, COLLECTIVELY D/B/A THEJERSEYCHASER.COM; CHICAGO TRIBUNE COMPANY, LLC, TRIBUNE INTERACTIVE, LLC, COLLECTIVELY D/B/A CHICAGOTRIBUNE.COM, <br><br> Defendants. | No. 13 C 4664 <br><br> Judge Thomas M. Durkin |

## MEMORANDUM OPINION AND ORDER

Leveyfilm, Inc.—a corporate vehicle for the business of photographer Don Levey—alleges that Chicago Tribune Company, LLC, and Tribune Interactive, LLC (the "Tribune"), used a photograph for which Leveyfilm held the copyright without Leveyfilm's permission in violation of the Copyright Act of 1976, 17 U.S.C. § 501, and the Digital Millennium Copyright Act, 17 U.S.C. § 1202. *See* R. 1. Specifically, in Count III Leveyfilm alleges that the Tribune removed information crediting the photo to Don Levey and replaced it with a credit to the Tribune in violation of 17 U.S.C. §§ 1202(a) and 1202(b). R. 1 ¶¶ 44-54. The Tribune has moved to dismiss Count III for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 19. For the following reasons, the Tribune's motion is denied.

## Background

On January 26, 1986, the Chicago Bears defeated the New England Patriots to win Super Bowl XX. R. 1 ¶ 21. The month prior, in hopeful anticipation of that momentous victory, several Chicago Bears players participated in creation of a rap song and related video entitled the "Super Bowl Shuffle," which was produced by Dick Meyer. *Id.* ¶ 10-14. Meyer hired Levey to take still photographs of the players, and used a group photo that Levey took as the cover of the record album recording of the song. *Id.* The Super Bowl Shuffle became part of American (or at least Chicago's) popular culture lore.

Leveyfilm alleges that Levey granted a license to Meyer to use the photo on the cover of the album on condition that a credit line identifying Levey as the photographer would accompany the photo. *Id.* ¶¶ 16-19. Leveyfilm also alleges that Levey, through Leveyfilm and its predecessor corporate entities, retained the copyright for the photo and sole authority to authorize use of the photo. *Id.* ¶¶16-19, 27-29. The back cover of the Super Bowl Shuffle album—the side that does not include the photo at issue here—includes the following two credit lines, among others: "Published by: Red Label Music Publishing, Inc., BMI © 1985;" and "Photography: Don Levey, Don Levey Studio." *See* R. 1-1 at 2-3.

In April 2013, Levey discovered that the Tribune had published the photo on its website. R. 1 ¶ 24. The Tribune did not include any of the credits from the back cover of the album. *See* R. 1-1 at 9. Instead, the Tribune included the following credit line under the photo: "(Tribune file photo)." *Id.* Levey argues that the Tribune

violated the Digital Millennium Copyright Act, 17 U.S.C. § 1202(a), by including the "(Tribune file photo)" credit line under the photo, and violated 17 U.S.C. § 1202(b), by failing to include the "Photography: Don Levey, Don Levey Studio" credit line with the photo. *See* R. 1 ¶¶ 44-54.

**Legal Standard**

A Rule 12(b)(6) motion challenges the sufficiency of the complaint. *See, e.g., Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This "standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Mann*, 707 F.3d at 877.

# Analysis

The Digital Millennium Copyright Act provides the following, in relevant part:

> (a) False Copyright Management Information.—No person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement—
>   (1) provide copyright management information that is false, or
>   (2) distribute or import for distribution copyright management information that is false.
>
> (b) Removal or Alteration of Copyright Management Information.—No person shall, without the authority of the copyright owner or the law—
>   (1) intentionally remove or alter any copyright management information,
>   (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
>   (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.
>
> (c) Definition.—As used in this section, the term "copyright management information" means any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, including in digital form, except that such term does not include any personally identifying information about a user of a work or of a copy, phonorecord, performance, or display of a work:
>   (1) The title and other information identifying the work, including the information set forth on a notice of copyright.

> (2) The name of, and other identifying information about, the author of a work.
> (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.
> (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work.
> (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work.
> (6) Terms and conditions for use of the work.
> (7) Identifying numbers or symbols referring to such information or links to such information.
> (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

17 U.S.C. § 1202.

As an initial matter, the Tribune argues in a footnote that "the analog notations on the back of the album jacket could not possibly constitute [copyright management information, or "CMI,"] under any circumstances," because the notations are not "part of an automated copyright protection system, . . . digital, or connected to the internet or electronic commerce." R. 20 at 5 n.3. The plain language of the statute, however, does not require any such connection. Moreover, while some courts have wrestled with indications in the statute's legislative history that Congress intended CMI to be in digital form, *see, e.g.*, *IQ Group, Ltd. v. Wiesner Pub., LLC*, 409 F. Supp. 2d 587 (D.N.J. 2006), most courts in recent years have

5

recognized that the plain language of the statute includes no such requirement and have not reached an analysis of the legislative history. *See Murphy v. Millenium Radio Group LLC*, 650 F.3d 295, 305 (3d Cir. 2011) ("[W]e find that CMI, as defined in § 1202(c), is not restricted to the context of 'automated copyright protection or management systems.'"); *Cable v. Agence France Presse*, 728 F. Supp. 2d 977, 980-81 (N.D. Ill. 2010) (Manning, J.) (agreeing with several district courts that there is no "textual support in favor of limiting the definition of [CMI]" to digitally recorded information (citing *Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454, 461-62 (S.D.N.Y. 2009); *Interplan Architect, Inc. v. C.L. Thomas, Inc.*, 2009 WL 6443117, at *5 (S.D. Tex. Nov. 13, 2009); *Fox v. Hildebrand*, 2009 WL 1977996, at *3 (C.D. Cal. July 1, 2009))); *see also Brown v. Stroud*, 2011 WL 2600661, at *5 (N.D. Cal. June 30, 2011) ("A growing number of district courts have concluded that CMI should be construed more broadly. . . . [and have not] limit[ed] the term CMI to information that functions as part of an automated copyright management or protection system."). This line of case law contrary to the Tribune's argument is likely why the Tribune relegated the argument to a footnote. The Court will follow the plain language of the statute, which does not define CMI in terms of an "automated copyright protection system" or connection with digital media or the internet.

The Tribune makes two other arguments based on the statutory definition of CMI. First, the Tribune argues that the credit line "Photography: Don Levey, Don Levey Studio" is not CMI because it "says nothing whatsoever about copyright or

6

copyright ownership." R. 20 at 8. The statute's plain terms do not require that information contain an express reference to copyright or copyright ownership to qualify as CMI. *See* 17 U.S.C. § 1202(c). Rather, the definition of CMI includes the "name of" an "author of a work." 17 U.S.C. § 1202(c)(2). The credit line on the back cover of the album plainly indicates that Levey was the photographer, and thus, was the "author" of the "work" at issue, i.e., the photo. Thus, the credit line, "Photography: Don Levey, Don Levey Studio," constitutes CMI under the terms of the statute. *See Cable*, 728 F. Supp. 2d at 981 (holding that a photographer's name and website address constituted CMI).

Second, the Tribune argues that "[n]otations on the back cover of the album jacket are disconnected from the Photograph on the front cover of the album and, thus, are not protected CMI." R. 20 at 7-8. The Tribune contends that Leveyfilm's case is analogous to a case from this District in which the court held that "a general copyright notice [that] appear[ed] on an entirely different webpage than the [poem] at issue . . . [was] not 'conveyed' with the work" under the definition of CMI in 17 U.S.C. § 1202(c). *See Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012); 2013 WL 5348329, at *7 (N.D. Ill. Sept. 24, 2013). The Tribune also cites *Schiffer Publishing, Ltd. v. Chronicle Books, LLC*, 2004 WL 2583817, at *14 (E.D. Pa. Nov. 12, 2004), in which the court held that copyright information on a book cover was not CMI "conveyed" with each individual photo contained within the book, because the copyright information was not included in "the 'body' of, or area around, [the] work itself." Despite the Tribune's

7

reliance on these cases, in both *Personal Keepsakes* and *Schiffer*, the CMI at issue was much further removed from the work than Levey's name is from the photo at issue in this case. In *Personal Keepsakes* the attribution at issue was on an entirely different website from the work. *Schiffer* is a closer case because the attribution was physically attached to the work like Levey's name is in this case. But the photo at issue in *Schiffer* was one of many contained within a book, and the court held that the attribution on the cover of the book clearly referred to the book as a whole and not the individual photos. Here, by contrast, it is "implausible" that a viewer of the record album would not understand that the credit line "Photography: Don Levey, Don Levey Studio" on the back of the album also referred to authorship of the photo on the cover of the album. *See Agene France Presse v. Morel*, 769 F. Supp. 2d 295, 305 (S.D.N.Y. 2011) (holding that it was "implausible that a viewer of [the plaintiff's] photos [on a website] would not understand the designations [of the plaintiff's name] appearing next to the images to refer to authorship").

Moving beyond the statutory definition of CMI, the Tribune also argues that the statute requires that defendants had knowledge of the removal or falsification of CMI, and that Leveyfilm's allegations fail to "allege sufficient underlying facts from which a court may reasonably infer that [Leveyfilm] acted with the requisite state of mind." R. 20 at 11. Leveyfilm alleges the following:

> 46. . . . any and all versions of the Work(s) which were not communicated via the Internet would have been initially conveyed by Levey accompanied by various items identifying printed on label(s) affixed to a photographic print or other means of conveyance or otherwise

8

> accompanying the Work(s) in a visible format or insert along with the container or other mode of transmittal.
>
> 47. That the name "Levey," or "Don Levey" or "Don Levey Studio" as well as a copyright notice or claim and various other items of identifying information, were at all times relevant, conveyed in connection with the infringed group shot Work by Levey . . . .
>
> 50. Notwithstanding defendants' knowledge . . . [they] removed and/or omitted the name and trade designation "Levey," "Don Levey" or Don Levey Studio" . . . .
>
> 51. As a substitute, . . . [the] Tribune . . . attribut[ed] authorship in the photography in the name of [the Tribune] . . . [with] "Tribune file photo" . . . .

R. 1 ¶¶ 46-47, 50-51. The Tribune contends that these allegations contain no facts regarding the Tribune's conduct or intent, and amount to Leveyfilm's improper supposition that the Tribune "must have" removed Levey's name and inserted the Tribune's name. *See* R. 20 at 11-12. The Tribune argues that such a supposition does not meet the "plausibility" standard of Rule 12(b)(6).

The statutory language indicates that knowledge or intent is required: § 1202(a) provides that a defendant "shall knowingly . . . provide copyright management information that is false"; and § 1202(b) prohibits a defendant from "intentionally remov[ing] or alter[ing] any copyright management information, [or] distribut[ing] . . . copyright management information knowing that the copyright management information has been removed." But contrary to the Tribune's argument, the "'factual content'" of Leveyfilm's allegations "'allows the court to draw the reasonable inference that the [Tribune] is liable for the misconduct alleged.'" *Mann*, 707 F.3d at 877 (quoting *Iqbal*, 556 U.S. at 678). Levey has not

9

alleged how the Tribune came to be in possession of the photo or the specific factual circumstances of Levey's name being removed from the photo. But Leveyfilm has alleged that it always includes Levey's name with the photo when distributing it and that the Tribune published the photo without Levey's name attached. These two facts make it plausible that the Tribune received the photo with Levey's named attached and removed it, and are "enough . . . to raise a reasonable expectation that discovery will reveal evidence of illegal" conduct by the Tribune. *Twombly*, 550 U.S. at 556. *Cf. Merideth v. Chi. Tribune Co., LLC*, 2014 WL 87518, at *3 & n.2 (N.D. Ill., Jan 9, 2014) (Zagel, J.) (the plaintiff's allegations that the Tribune published a photograph without certain CMI that the plaintiff alleged he had attached to the photo could have constituted a plausible allegation that the Tribune removed the CMI had the plaintiff not also alleged that an intermediary was responsible for removal of the CMI).

The Tribune cites several cases to support its contention that allegations such as Leveyfilm's are insufficient. *See* R. 20 at 10-12. In *Keogh v. Big Lots Corp.*, 2006 WL 1129375, at *2 (M.D. Tenn. Apr. 27, 2006), the court held that a plaintiff who alleged that a defendant who imported birdhouses from China had failed to allege that the defendant knew the birdhouse design was protected by copyright. The circumstances in *Keogh* are entirely different from the circumstances presented here. The plaintiff in *Keogh* alleged that there was necessarily an intermediary between the plaintiff and the defendant who not only removed the CMI but— according to the plaintiff's own allegations—created an entirely new work that the

plaintiff alleged was too similar to the plaintiff's own work. By contrast, Leveyfilm alleges that it always distributes the photo at issue with Levey's name attached to the photo, making it plausible that the Tribune received the photo with Levey's name attached and removed it, and reasonable to expect that discovery will reveal that this is indeed what occurred. Of course, maybe that is not what happened. But it is a plausible enough set of allegations to survive Rule 12(b)(6).

The other cases the Tribune cites were decided on or after summary judgment, and concerned the sufficiency of the evidence as opposed to the allegations, making those cases inapposite here. *See Gordon v. Nextel Commc'ns and Mullen Advertising, Inc.*, 345 F.3d 922, 926-27 (6th Cir. 2003); *Charles W. Ross Builder, Inc. v. Olsen Fine Home Bldg., LLC*, 2012 WL 48027, at *2 (E.D. Va. Jan. 9, 2012); *William Wade Waller Co. v. Nexstar Broad., Inc.*, 2011 WL 2648584, at *5 (E.D. Ark. July 6, 2011).

Therefore, because Leveyfilm alleges that the Tribune removed Levey's name from the photo and replaced it with the Tribune's name, Leveyfilm has plausibly alleged that the Tribune is liable under the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

## Conclusion

For the foregoing reasons, the Tribune's motion, R. 19, is denied.

ENTERED:

*/s/ Thomas M. Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: March 25, 2014